## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Dennis Tortora, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| MRS Associates Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Dennis Tortora, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3.      Plaintiff, Dennis Tortora (hereafter "Plaintiff"), is an adult individual residing in Waterbury, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant MRS Associates Inc. (hereafter "Defendant"), is a New Jersey company with a principal place of business at 1930 Olney Avenue, Cherry Hill, New Jersey 08003, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.      Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.      The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      The Defendant called the Plaintiff four to five times a day.

10.     The Defendant refused to identify itself multiple times.

11.     The Defendant called the Plaintiff during nights, weekends, and holidays.

12.     The Defendant called the Plaintiff's mother multiple times and disclosed details regarding the debt.

13.     The Defendant left messages on a public answering machine that contained information about the debt.

2

14.     The Plaintiff requested that the Defendant stop calling him, but the Defendant refused to follow his request.

15.     The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

1.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2.     The Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

3.     The Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

4.     The Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

5.     The Defendant contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

6.     The Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

3

7.      The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

8.      The Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

9.      The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

10.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

11.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

12.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

14.     Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Connecticut state law.

4

15.    Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to her home and by threatening to come to her home to seize her personal belongings.

16.    The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

17.    The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

18.    As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

19.    All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT III
## VIOLATIONS OF THE CONNECTICUT CREDITORS' COLLECTION PRACTICES ACT, Conn. Gen. Stat. § 36a-645, *et seq.*

20.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.    The Plaintiff is a "consumer-debtor" as defined by Conn. Gen. Stat. § 36a-800(2).

22.    The Defendant is a "consumer collection agency" as defined by Conn. Gen. Stat. § 36a-800(1).

23.     The Defendant falsely represented to the Plaintiff that it was authorized and competent to perform legal services and to institute judicial proceedings on behalf of others, in violation of Conn. Gen. Stat. § 36a-805(a)(1).

24.     The Defendant attempted to communicate with the Plaintiff by using the name or stationery of an attorney, in violation of Conn. Gen. Stat. § 36a-805a(2).

25.     The Defendant prepared forms which only an attorney may prepared, and communicated them to the Plaintiff, in violation of Conn. Gen. Stat. § 36a-805(a)(2).

26.     The Defendant attempted to collect attorney's fees from the Plaintiff for alleged expenses in collecting the debt, in violation of Conn. Gen. Stat. § 36a-805(a)(5).

27.     The Defendant solicited a claim for collection under an ambiguous or deceptive contract, in violation of Conn. Gen. Stat. § 36a-805(a)(6).

28.     The Defendant made threats to the Plaintiff to sell or to advertise for sale the Plaintiff's alleged debt if it was not paid, in violation of Conn. Gen. Stat. § 36a-805(a)(8).

29.     The Defendant claimed to be "bonded" in violation of Conn. Gen. Stat. § 36a-805(a)(14).

30.     The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT IV

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, *et seq.*

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Defendant is a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

33.     The Defendant engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

34.     The Plaintiff is entitled to damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6.  Punitive damage; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 29, 2009

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiffs